UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JUNEAB HASHMI,

                    Plaintiff,

        - against -

ETIHAD AIRWAYS P.J.S.C.,

                    Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-04566 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

Before the Court is Plaintiff's objection (Dkt. 14) to the Honorable Roanne L. Mann's October 25, 2015 Memorandum & Order denying Plaintiff's motion (Dkt. 11) to change venue and stay the proceedings.

## BACKGROUND

On July 12, 2015, Plaintiff Juneab Hashmi ("Plaintiff" or "Hashmi") filed a lawsuit in the Civil Court of the City of New York, County of Kings, alleging that Defendant Etihad Airways P.J.S.C. ("Defendant" or "Etihad Airways") lost Plaintiff's luggage, which was worth $2,089.50. (Dkt. 1-1.)[1] On August 16, 2016, Etihad Airways removed the case to the Eastern District of New York pursuant to 28 U.S.C. §§ 1330(a), 1331, 1441(d), and 1446. (Dkt. 1.) On September 30, 2016, Hashmi moved to change the venue from the Eastern to Southern District and to stay these proceedings for "five to six months." (Dkt. 11.) More specifically, Hashmi requested that this case be transferred to the "White Plain[s] district court." (*Id.*) As justification for this venue change request, Plaintiff stated that he had had four surgeries "back to back," the last one being

---

[1] Federal court jurisdiction is based on Etihad Airways' ownership "by the government of the United Arab Emirates", making it "a foreign state as defined by 28 U.S.C. § 1603(a) subject to the provisions of the Foreign Sovereign Immunities Act . . . and 28 U.S.C. § 1330(a)." (Dkt. 1, ¶ 4.)

sometime in mid-September, and that he had relocated from Brooklyn to Tarrytown, New York, since the filing of his State court action. (*Id.*) Defendant opposed Plaintiff's motion. (Dkt. 12.) Judge Mann denied Plaintiff's motion because, *inter alia*, Plaintiff had failed to show that the Southern District was a more appropriate venue under 28 U.S.C. § 1404(a) and had provided only conclusory assertions in support of his request. (Dkt. 13 at ECF 4, 5.)

Six days after Judge Mann's order, Hashmi objected, stating that he is "not medically allowed to visit, travel or attend any proceedings . . . and [would like to] appear in Plainswhite [*sic*] court because of medical reasons." (Dkt. 14.) Although he says his doctor will not allow him to travel, he also states that this unidentified doctor is unwilling to provide any letter or statement due to the uncertainty of how long Hashmi would take to recover. (Dkt. 14.)

## DISCUSSION

An order issued by a magistrate judge ruling on a motion to transfer venue under 28 U.S.C. § 1404(a) is non-dispositive. *Shenker v. Murasky*, No. 95-cv-4692, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996); *see also Michelli v. City of Hope*, No. 93-cv-7582, 1994 WL 410964, at *6 n.1 (S.D.N.Y. Aug. 4, 1994). A district court may modify or set aside any portion of a magistrate judge's non-dispositive order only if it is found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "[E]ven a *pro se* party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotations and citations omitted). Objections that are merely perfunctory responses reciting the same arguments presented to the magistrate judge are reviewed for clear error. *O'Diah v. Mawhir*, 08–CV–322, 2011 WL 933846, at *1 (S.D.N.Y. March 16, 2011).

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Whether to grant a change of venue is within the discretion of the District Court. *Clarendon Nat'l Ins. Co. v. Pascual*, No. 99-cv-10840JGKAJP, 2000 WL 270862, at *2 (S.D.N.Y. Mar. 13, 2000) (citation omitted). Because Defendant opposes a change of venue, "a court may transfer an action only if 1) the plaintiff could have brought the case initially in the proposed transferee forum; and 2) the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Id.* (internal quotations and citation omitted). The party seeking a change of venue has the burden of showing by clear and convincing evidence that transfer is appropriate. *N.Y. Marine & General Ins. Co. v. Lafarge N. America, Inc.*, 599 F.3d 102, 113 (2d Cir. 2010).

Applying these standards, Judge Mann explained how Plaintiff's motion was deficient: (1) Plaintiff failed to show that the case could have been brought initially in the Southern District; and (2) Plaintiff failed to provide any evidentiary support to show that a transfer of venue would "prevent waste of time, energy, and money" or would "protect litigants, witnesses and the public against unnecessary inconvenience and expense." (Dkt. 13 at ECF 4 (internal citation omitted).) Indeed, despite broadly asserting that his health precludes him from traveling to or attending "any proceedings", Plaintiff utterly failed to provide any evidence—not even a doctor's note—to support his claim. Judge Mann also denied Plaintiff's motion to stay the case for five to six months because, again, Plaintiff's "threadbare request, bereft of evidentiary support or substantive allegations" did not meet the requisite showing of good cause. (*Id.* at ECF 5.) And yet Plaintiff's objection—again, without any supporting evidence or substantive factual

3

allegations—is based on the same conclusory assertions as to why the court should transfer venue and stay his action. (Dkt. 14.)

In sum, not only has Plaintiff failed to demonstrate error by Judge Mann in denying his request to change venue and stay the case, he failed to meet his burden before Judge Mann to justify the granting of either request. Accordingly, the Court rejects Plaintiff's objections and adopts Judge Mann's order denying the requested venue change and stay.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 21, 2016
      Brooklyn, New York